Gene B. Jameson et al., appellants, v. Fred Plischke et al., appellees, County of Buffalo, intervener-appellant.

165 N. W. 2d 373

Filed February 28, 1969. No. 37074.

Oscar A. Drake and Andrew J. McMullen, for appellants.

Dier & Ross, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, and Newton, JJ., and Walter H. Smith, District Judge.

Spencer, J.

This action seeks to cancel a deed from the county board of supervisors to Fred and Neta Plischke and to rescind the motion on which said deed is predicated.

The appellants herein are the successors in interest of Charles A. Jameson, and the area involved is the same area described in the opinions in Plischke v. Jameson, 180 Neb. 803, 146 N. W. 2d 223, and 182 Neb. 153, 153 N. W. 2d 359. For an understanding of this case reference is made to those opinions. For convenience hereafter we will refer to the appellants as Jameson and the appellees as Plischke.

By the previous opinions, which are now the law of this case, title was quieted in Jameson to all land south of the fence line not embraced in the public road or in the prescriptive road. It was also determined that because the county made no provision as to the disposition of the land covered by either road in the vacation reso-

lution, by virtue of section 39-1725, R. R. S. 1943, title remains in Buffalo County until a period of 10 years of nonuse has elapsed.

The motion in question was passed November 29, 1966, by the county board of supervisors of Buffalo County and was recorded in the miscellaneous records of the office of the register of deeds of said county on November 21, 1966. It reads: " 'Moved by Judy, seconded by Thornton that the surveyor be authorized to survey in the center of a vacated road located Section 27-10-17 between the NW¼ and SW¼ one-half mile long and the vacated road be granted to abutting owners of 33 feet on each side of ½ section line and the land be deeded to the property owners,' * * *."

On November 29, 1966, the county board of supervisors of Buffalo County executed a quitclaim deed conveying to Plischke the following property: " 'A strip of land 33 feet wide from the north to the south lying north of the half-section line described as follows: Beginning at the west section north and south line of Section 27 and at the half-section line between the NW¼ and the SW¼ of said section, thence along the half-section line for a distance of 1904.5 feet, thence north 33 feet, thence west parallel to the section line 1904.5 feet, thence south 33 feet to the point of beginning, all in Section 27, Township 10 North, Range 17, West of the 6th P.M., Buffalo County, Nebraska,' * * *."

The present action is brought on the theory that the action of the county ignores the judgments rendered in the previous litigation. The defendants are Fred Plischke and Neta Plischke, his wife, and the county board of supervisors of Buffalo County, Nebraska.

Before answer day a general demurrer was filed, purportedly on behalf of Buffalo County by Dier and Ross, attorneys, for the stated reason that the petition fails to allege a cause of action against the county. Subsequently the county, through its county attorney Andrew J. McMullen, filed an answer to the petition as an in-

tervener, praying for the same relief requested in the petition. Dier and Ross have been and still are the attorneys for Plischke. Andrew J. McMullen had been one of the attorneys for Jameson in the previous litigation. The record indicates that the following motion was passed by the Buffalo County board of supervisors on April 9, 1968: " 'It was moved, seconded and passed that Dier and Ross be appointed to defend Buffalo County in the Case Jamison (sic) vs Buffalo County.' "

We do not decide whether the conflict of interest question is such that neither Dier and Ross nor the county attorney should represent Buffalo County. Ignoring that issue, it is to be noted that the action runs against the board of supervisors and that the county was not made a party therein. Section 23-101, R. R. S. 1943, provides how the county may sue and be sued, and an action against the board of supervisors does not make the action one against the county within the ambit of that statute. A county must be sued in the name designated by statute. 20 C. J. S., Counties, § 327, p. 1288.

Subsequent to the filing of the answer by Buffalo County as an intervener, both the attorney for Jameson and the county attorney each filed motions to strike the demurrer filed by Dier and Ross for Buffalo County from the files, for the reason that Buffalo County was not a party defendant and had not been served with summons.

On June 28, 1968, the court determined that the motions to strike the demurrer should be overruled. The court further found that the board of supervisors of Buffalo County employed the firm of Dier and Ross to represent it, and its appearance was duly accepted for that purpose in this case. The county attorney then announced his withdrawal from any further participation in the case, and the court stated that Buffalo County having withdrawn from said case by the action of the county attorney, the answer of Buffalo County filed by

him was stricken. The court then considered the demurrer filed on behalf of Buffalo County by Dier and Ross, and sustained it on the grounds that the county board of supervisors of Buffalo County was an improper party defendant. Jameson refused to plead further and perfected an appeal to this court.

It is to be noted that the demurrer was a general demurrer and that a general demurrer does not raise defect of parties. When a defect of misjoinder of parties appears on the face of the petition, it must be raised by special demurrer. Johnson v. Platte Valley Public Power & Irr. Dist., 133 Neb. 97, 274 N. W. 386.

We have gone into detail to show the confused state of the record herein. The Jameson petition pleads conclusions and not the facts on which those conclusions are based, and is subject to demurrer. The board of supervisors was not a proper party and no cause of action was stated against it. The deed from Buffalo County is only a quitclaim deed, and the county is not a necessary party herein. The real issue herein is between Jameson and Plischke and involves the question as to whether the deed is a cloud on the Jameson title in the light of the previous litigation.

For the reasons stated, we affirm the judgment sustaining the demurrer.

AFFIRMED.