Duane S. Holmstedt, appellant, v. York County Jail Supervisor (name unknown) et al., appellees.

739 N.W.2d 449

Filed August 28, 2007. No. A-05-906.

Duane S. Holmstedt, pro se.

Charles W. Campbell, of Angle, Murphy, Valentino & Campbell, P.C., for appellees.

SIEVERS and CASSEL, Judges, and HANNON, Judge, Retired.

PER CURIAM.

## INTRODUCTION

Duane S. Holmstedt appeals the decision of the York County District Court dismissing his action filed pursuant to 42 U.S.C. § 1983 (2000) against the York County jail supervisor, the York County Sheriff's Department, Sheriff Dale Radcliff, Lt. Paul Vrbka, and Deputy Ray Silverstrand under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(2), (4), (5), and (6) (rev. 2003). We conclude that the district court properly dismissed the complaint against the York County Sheriff's Department for lack of personal jurisdiction, but that the court erred in dismissing the complaint as to the remaining defendants.

## STATEMENT OF FACTS

On May 20, 2005, Holmstedt filed a pro se complaint in the York County District Court against the defendants, which he designated in the caption as follows: "York County Jail Supervisor, (name unknown) York County Sheriff's Department, Sheriff Dale Radcliff, Lt. Paul Vrbka, Deputy Ray Silverstrand, Defendants." In the complaint, which he entitled "Petition," the allegations which appear to be relevant to a possible claim against the defendants are that he was arrested and interrogated by Radcliff and Vrbka on August 13, 2003. He alleges with some particularity that he was abused by them on that day and on later occasions while incarcerated in the York County jail (apparently awaiting the disposition of a criminal charge against him). Holmstedt alleges he was struck, yelled at, deprived of an attorney, and told that he "had to tell [them] everything." He also alleges that Radcliff deprived him of medical care and medication. He alleges other abuse by Radcliff,

Vrbka, and Silverstrand during subsequent intermittent times he was in the jail. For purposes of this opinion, we think it is unnecessary to set forth all of the details of his pro se handwritten complaint. Holmstedt prays that the defendants be charged and prosecuted for the alleged crimes, that the York County Sheriff's Department be ordered to pay him the sum of $250,000, and that the remaining defendants be ordered to pay him $25,000 each.

The transcript shows that the defendants were served on May 23, 2005, by delivery of a copy of the summons and complaint for each of the named defendants as follows: on Radcliff, to "Dale E. Radcliff"; on the York County Sheriff's Department, to "Dale E. Radcliff, Sheriff of York County, Nebraska"; on the York County jail supervisor, to "John Prusia, York County Jail Supervisor"; on Vrbka, to "Paul M. Vrbka"; and on Silverstrand, to "Ray Silverstrand a/k/a Gene R. Silverstrand."

Separate motions to dismiss were filed by counsel for each of the defendants in the name used in the complaint. Each motion raised the same grounds for dismissal, that is, pursuant to rule 12(b)(2), (4), (5), and (6), and all but the motion of the York County Sheriff's Department alleged the complaint was deficient in that it (1) purports to sue the respective defendant in his official capacity but the defendant was not served in his official capacity, (2) fails to state a claim for relief because it fails to allege that Holmstedt exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) (2000), and (3) fails to state a claim for relief against the defendant acting in his official capacity pursuant to § 1983. The motion of the defendant York County Sheriff's Department differs in that the first reason stated in its motion to dismiss was that there is no individual or political subdivision which may be sued known as the "'York County Sheriff's Department,'" rather than the first reason stated by the other defendants, as shown above.

The transcript shows a letter from Holmstedt to the trial judge dated June 4, 2005, and file stamped June 7, wherein Holmstedt "object[s]" to the motions to dismiss and then goes on to briefly argue each of the points raised in the motions. The motions were heard by the district court on June 24, with Holmstedt appearing by telephone and the defendants' attorney

appearing in person. At that hearing, the defendants' attorney stated the bases for the motions to dismiss. Then Holmstedt stated that his brief had been mailed "yesterday," and requested a continuance. The continuance was denied, but the judge stated that he would not rule until he had received Holmstedt's brief. Holmstedt started to read the brief over the telephone; the judge asked Holmstedt whether he had anything to say that was not in the brief, and he said no. The judge then stated that he would rather not listen to Holmstedt read the brief because he was going to read the brief several times himself before he ruled on the motion. Holmstedt stated, "That works." The hearing was concluded shortly thereafter.

Holmstedt's brief in opposition to the motions to dismiss was dated June 23, 2005. The brief was received by the district court clerk on June 29, but was not filed because the brief was considered Holmstedt's written argument to the court. On July 12, the district court entered an order which stated, in its entirety, "Motion to dismiss sustained in all bases. Complaint dismissed." Holmstedt has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Holmstedt's assignments of error, restated, are that the district court erred (1) in dismissing his complaint "without showing cause or producing an order to support the dismissal" and (2) in failing to consider his written arguments. Holmstedt also contends that because he was acting pro se, the district court should have held him to less stringent standards than an attorney and should have construed his pleadings liberally.

## STANDARD OF REVIEW

■ When reviewing an order dismissing a case for lack of personal jurisdiction under rule 12(b)(2), an appellate court examines the question whether the nonmoving party has established personal jurisdiction de novo. See *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005).

■ An appellate court reviews a district court's grant of a motion to dismiss under rule 12(b)(6) de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. See *Kellogg v.*

*Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). The appellate court is, however, free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations. *Id.* Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *Coral Prod. Corp. v. Central Resources*, 273 Neb. 379, 730 N.W.2d 357 (2007).

## ANALYSIS

*Less Stringent Standards for Pro Se Litigants.*

Holmstedt contends that because he was acting pro se, the district court should have held him to less stringent standards than an attorney under his § 1983 claim and should have construed his pleadings liberally. We recognize that the U.S. Supreme Court has so stated in the context of a § 1983 action. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

■ To the extent that our decision involves construction of Holmstedt's complaint, we have followed the requisite approach. However, to the extent that the question before us concerns whether Holmstedt has complied with the statutory requirements for service of process, the dictates of *Haines* do not apply. Statutes prescribing the manner of service of summons are mandatory and must be strictly pursued. *Erdman v. National Indemnity Co.*, 180 Neb. 133, 141 N.W.2d 753 (1966). There is no merit to this assignment of error.

*Alleged Error by District Court in Failing to Consider Written Arguments and Not Setting Forth Reasoning.*

Holmstedt claims that the district court erred in dismissing his complaint "without showing cause or producing an order to support the dismissal." Holmstedt also claims that the district

court erred in failing to consider his written arguments and in failing to set forth the court's reasoning. He bases this claim on the fact that although the court's decision dismissing his complaint was filed on July 12, 2005, Holmstedt's brief was not file stamped until July 28 and the trial court did not set forth its reasoning in the order.

▮▮ Briefs of parties in the district court are "presented to the judge and not filed with the clerk." Neb. Ct. R. of Dist. Cts. 5B (rev. 2000). Such briefs are not part of the complete record of a case. See Neb. Rev. Stat. § 25-1321 (Cum. Supp. 2006). "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action." Neb. Rev. Stat. § 25-1318 (Reissue 1995).

The trial judge's signed order provided, "Motion to dismiss sustained in all bases. Complaint dismissed." The trial court complied with § 25-1318. At the oral hearing, the trial judge stated he would not rule on the case until he received Holmstedt's brief. The delay between the hearing on June 24, 2005, and the decision on July 12 shows that the judge waited for Holmstedt's brief. Because rule 5B states that briefs are not to be filed with the clerk, the clerk's subsequent filing of the brief in contravention of the district court rules provides no logical support for Holmstedt's inference that the judge did not consider the brief. There is no merit to these assignments of error.

*Order for Consideration of Multiple Rule 12(b) Motion.*

The defendants moved to dismiss upon multiple grounds, and the trial court sustained the motions on all these grounds. Therefore, the court sustained the defendants' motions to dismiss pursuant to rule 12(b)(2), (4), (5), and (6).

Rule 12(b) provides in significant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . . .

(2) lack of jurisdiction over the person;

. . . .

(4) insufficiency of process;

(5) insufficiency of service of process;

(6) that the pleading fails to state a claim upon which relief can be granted[.]

In *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 600, 694 N.W.2d 625, 630 (2005), the Nebraska Supreme Court held: "'[W]hen a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter. . . . After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest.'" (Quoting *Deniz v. Municipality of Guaynabo*, 285 F.3d 142 (1st Cir. 2002).)

Other case law dictates that a comparable rule applies concerning personal jurisdiction. A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject matter jurisdiction) and the parties (personal jurisdiction). *Sinochem Int'l v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007). Without jurisdiction, the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case. *Id.* The dismissal of a case on an issue relating to the merits of the dispute, such as the issues raised by a rule 12(b)(6) failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction. *Sucampo Pharmaceuticals v. Astellas Pharma*, 471 F.3d 544 (4th Cir. 2006). "[A] disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau County Medical Center*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998). See, also, *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674 (2d Cir. 1990). Thus, pursuant to the above authority, we proceed to consider the personal jurisdictional issues raised in the motions to dismiss before considering the failure to state a claim for relief raised by rule 12(b)(6).

*Error in Dismissing Complaint for*
*Lack of Personal Jurisdiction.*

 The defense of insufficiency of process differs from insufficiency of service of process: the former challenges the content of a summons; the latter challenges the manner or method of service. *Heise v. Olympus Optical Co., Ltd.*, 111 F.R.D. 1 (N.D. Ind. 1986). Valid service of process is a prerequisite to the court's exercise of personal jurisdiction. See *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). We think it necessarily follows that if a valid summons has not been served properly on the designated defendant or if that process is insufficient or if that service was insufficient, then the court does not have jurisdiction over the person of that particular defendant. We therefore treat rule 12(b)(2), (4), and (5) together.

 Federal law is controlling in the determination of civil rights claims. See *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). Public servants may be sued under § 1983 in their official capacity, their individual capacity, or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531 (8th Cir. 1999).

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U. S. 658, 690, n. 55[, 98 S. Ct. 2018, 56 L. Ed. 2d 611] (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (emphasis in original) (citations omitted). The U.S. Supreme Court also noted that there is no longer a need to bring official-capacity actions against local government officials, for under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), local government units can be sued directly for damages and injunctive or declaratory relief. *Kentucky v. Graham, supra.* The federal circuit courts do not agree, however, on the proper means of determining whether an action is pleaded as an official-capacity suit or as one seeking individual liability.

In *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001), the court explained that the majority of circuits follow the "'course of proceedings'" test to determine whether suit has been brought against a public official as an official or as an individual. The "course of proceedings" test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued. The court in *Moore* stated that only two circuits deviate from the "course of proceedings" test, identifying the Eighth and Ninth Circuits.

In *Johnson v. Outboard Marine Corp.*, 172 F.3d at 535, the court explained:

> [I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. . . . Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. . . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee

in his or her official capacity is merely a suit against the public employer.

(Citations omitted.)

The Ninth Circuit's jurisprudence presumes that a suit seeks to impose individual liability where the complaint seeks money damages from state officials. See *Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho*, 42 F.3d 1278 (9th Cir. 1994).

■ In *Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005), regarding interpretations of federal law, the Nebraska Supreme Court explained that while Nebraska courts must treat U.S. Supreme Court decisions as binding authority, lower federal court decisions are only persuasive authority. Because the Nebraska Supreme Court has not declared which rule should be followed, we attempt to determine how that court would decide the issue when presented.

While the approach of the Eighth Circuit displays the virtues of simplicity and certainty, we believe the Nebraska Supreme Court would follow the majority of federal courts that have recognized the "course of proceedings" test.

■ In the case before us, Holmstedt concedes in his brief to this court that he "did not specify" whether the individual defendants were being sued in their individual or official capacities. Brief for appellant at 9. Because of the early stage of these proceedings, we lack information regarding some of the factors of the "course of proceedings" test. Because none of the defendants had filed an answer, they have not yet had the opportunity to plead defenses, such as claims of qualified immunity. We have no subsequent pleadings from Holmstedt. Of the factors identified in *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), only the nature of the plaintiff's claims and the plaintiff's requests for damages are available to us. We recall that under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), a governmental entity is liable under § 1983 only for actions taken pursuant to a policy, ordinance, regulation, or decision officially adopted, or under a permanent and well-settled practice constituting a custom or usage with the force of law.

In the case at hand, the allegations in the complaint make no reference to any policy or custom which might suggest that

Holmstedt was making a claim that the individual defendants were acting in their official capacities. Rather, the complaint alleges actions by a number of identified individuals. In his complaint, Holmstedt put a title in front of the names of such defendants almost every time he refers to them, but this is not significant. We conclude that the action is one against those defendants in their individual capacities, notwithstanding that their names and titles appear in the complaint. As to defendants Radcliff, Vrbka, and Silverstrand, the record shows issuance of summons having proper content. The returns appearing in the record show proper service of that process. The defendants make no arguments to the contrary.

As to the defendant "York County Jail Supervisor," we observe that Neb. Rev. Stat. § 25-321 (Cum. Supp. 2006) authorizes a plaintiff to designate a defendant by "any name and description, followed by the words, 'real name unknown.'" Holmstedt designated the defendant by the person's title, followed by the words "name unknown." The summons was duly issued to the "York County Jail Supervisor" and was served upon "John Prusia, York County Jail Supervisor." The defendants advance no argument that the content of the process, the manner of service, or the content of the return is insufficient.

The issues raised by the motion to dismiss filed by the York County Sheriff's Department are somewhat similar. In its motion to dismiss, the York County Sheriff's Department alleged that there is no individual or political subdivision or other legal entity which may be sued in that name. The complaint contains no allegation which would tend to support a finding that the York County Sheriff's Department is an entity which may be sued.

Neb. Rev. Stat. § 23-101 (Reissue 1997) provides:

> Each county, established in this state according to the laws thereof, shall be a body politic and corporate, by the name and style of The county of .............., and by that name may sue and be sued, plead and shall be impleaded, defend and be defended against, in any court having jurisdiction of the subject matter, either in law or equity, or other place where justice shall be administered.

In *Jameson v. Plischke*, 184 Neb. 97, 165 N.W.2d 373 (1969), the Nebraska Supreme Court upheld the dismissal of Buffalo

County as a defendant where an action was brought against the Buffalo County board of supervisors, not against Buffalo County. The Nebraska Supreme Court noted that § 23-101 "provides how the county may sue and be sued, and an action against the board of supervisors does not make the action one against the county within the ambit of that statute." *Jameson v. Plischke*, 184 Neb. at 99, 165 N.W.2d at 375.

In the instant case, Holmstedt filed his action against the York County Sheriff's Department rather than the county of York. "A county must be sued in the name designated by statute." *Id.* If Holmstedt intended to sue the alleged department of the York County government, the above-referenced statute requires suit to be brought in the proper name of the county.

We therefore conclude that the district court properly sustained the motions to dismiss under rule 12(b)(2), (4), and (5) for lack of jurisdiction over the person of the defendant York County Sheriff's Department, for insufficiency of process, and for insufficiency of service of process, but that the court erred in sustaining the motion to dismiss under those subsections as to the remaining defendants.

*Motion to Dismiss Under Rule 12(b)(6).*

The defendants' motions to dismiss also allege as a basis for dismissal that the complaint fails to state a claim for relief both because Holmstedt failed to allege he has exhausted all available administrative remedies as required under 42 U.S.C. § 1997e(a) and, for the individual defendants, because Holmstedt did not allege that the defendants acted in their official capacities.

In *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005), the Nebraska Supreme Court extensively discussed the exhaustion requirement of the Prison Litigation Reform Act. The court determined that exhaustion of administrative remedies is properly categorized as an affirmative defense. The court recognized that a complaint alleging exhaustion is ordinarily not vulnerable to a motion to dismiss based on a failure to plead exhaustion and that exhaustion can be explored by other procedural devices. The court declined to impose a heightened pleading requirement on a prisoner. In the instant case, while we recognize that Holmstedt did not

make a general allegation of procedural exhaustion, we believe such defect could easily be cured by amendment and that dismissal at this stage is not appropriate. If Holmstedt has failed to exhaust administrative remedies, other procedural devices exist to address that defect.

Turning to the defendants' other argument regarding the sufficiency of the complaint, we observe that each individual defendant specifically asserted that the complaint failed to state a claim against him in his official capacity. We have rejected their argument that the complaint was made against the individual defendants solely in their official capacities. We therefore consider whether the allegations were sufficient to state a claim against those defendants in their official capacities.

In order to state a cause of action under § 1983, a plaintiff must allege facts establishing conduct by a person acting under color of state law which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. *State ex rel. Jacob v. Bohn*, 271 Neb. 424, 711 N.W.2d 884 (2006). We have already stated the applicable standard of review. We are aware that in the recent decision in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the U.S. Supreme Court addressed the controversial language in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In the *Bell Atlantic Corp.* decision, which abrogated *Conley*, the U.S. Supreme Court explained that the phrase "'no set of facts'" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 127 S. Ct. at 1969. The *Bell Atlantic Corp.* decision explained that "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." 127 S. Ct. at 1969.

A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Boykins*

*v. Ambridge Area School Dist.*, 621 F.2d 75 (3d Cir. 1980). Holmstedt's complaint meets this requirement. This fulfills Holmstedt's responsibility to allege facts establishing conduct by a person acting under color of state law, which conduct deprived Holmstedt of rights, privileges, or immunities secured by the Constitution and laws of the United States.

## CONCLUSION

In sum, the district court's order granting the motion to dismiss as to the defendant York County Sheriff's Department under rule 12(b)(2), (4), and (5) is affirmed, and as to that defendant, the case is dismissed without prejudice. As to the remaining defendants, we reverse the trial court's order to dismiss under rule 12(b)(2), (4), (5), and (6).

AFFIRMED IN PART, AND IN PART REVERSED.