745 N.W.2d 317 (2008)
275 Neb. 161
Duane S. HOLMSTEDT, appellant,
v.
YORK COUNTY JAIL SUPERVISOR (name unknown) et al., appellees.
No. S-05-906.
Supreme Court of Nebraska.
February 29, 2008.
*318 Duane S. Holmstedt, pro se.
Charles W. Campbell, of Angle, Murphy, Valentino & Campbell, P.C., York, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Duane S. Helmstedt filed an action pursuant to 42 U.S.C. § 1983 (2000) against the York County jail supervisor, the York County Sheriffs Department, Sheriff Dale Radcliff, Lt. Paul Vrbka, and Deputy Ray Silverstrand (collectively defendants).
The district court for York County dismissed the action as to all defendants pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b) (rev.2003), subsections (2) (lack of personal jurisdiction), (4) (insufficiency of process), (5) (insufficiency of service), and (6) (failure to state claim). Holmstedt appealed to the Nebraska Court of Appeals, which concluded that the district court properly dismissed the action as to the York County Sheriffs Department for lack of personal jurisdiction but erred in dismissing the complaint as to the remaining individual defendants. Holmstedt v. York Cty. Jail Supervisor, 15 Neb.App. 893, 739 N.W.2d 449 (2007). We granted the defendants' petition for further review. We reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions to affirm the dismissal as to all defendants.

*319 STATEMENT OF FACTS
The Court of Appeals set forth the facts as follows:
On May 20, 2005, Holmstedt filed a pro se complaint in the York County District Court against the defendants, which he designated in the caption as follows: "York County Jail Supervisor, (name unknown) York County Sheriffs Department, Sheriff Dale Radcliff, Lt. Paul Vrbka, Deputy Ray Silverstrand, Defendants." In the complaint, which he entitled "Petition," the allegations which appear to be relevant to a possible claim against the defendants are that he was arrested and interrogated by Radcliff and Vrbka on August 13, 2003. He alleges with some particularity that he was abused by them on that day and on later occasions while incarcerated in the York County jail (apparently awaiting the disposition of a criminal charge against him). Holmstedt alleges he was struck, yelled at, deprived of an attorney, and told that he "had to tell [them] everything." He also alleges that Radcliff deprived him of medical care and medication. He alleges other abuse by Radcliff, Vrbka, and Silverstrand during subsequent intermittent times he was in the jail. For purposes of this opinion, we think it is unnecessary to set forth all of the details of his pro se handwritten complaint. Holmstedt prays that the defendants be charged and prosecuted for the alleged crimes, that the York County Sheriffs Department be ordered to pay him the sum of $250,000, and that the remaining defendants be ordered to pay him $25,000 each.
The transcript shows that the defendants were served on May 23, 2005, by delivery of a copy of the summons and complaint for each of the named defendants as follows: on Radcliff, to "Dale E. Radcliff': on the York County Sheriffs Department, to "Dale E. Radcliff, Sheriff of York County, Nebraska"; on the York County jail supervisor, to "John Prusia, York County Jail Supervisor"; on Vrbka, to "Paul M. Vrbka"; and on Silverstrand, to "Ray Silverstrand a/k/a Gene R. Silverstrand."
Separate motions to dismiss were filed by counsel for each of the defendants in the name used in the complaint. Each motion raised the same grounds for dismissal, that is, pursuant to rule 12(b)(2), (4), (5), and (6), and all but the motion of the York County Sheriffs Department alleged the complaint was deficient in that it (1) purports to sue the respective defendant in his official capacity but the defendant was not served in his official capacity, (2) fails to state a claim for relief because it fails to allege that Holmstedt exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) (2000), and (3) fails to state a claim for relief against the defendant acting in his official capacity pursuant to § 1983. The motion of the defendant York County Sheriffs Department differs in that the first reason stated in its motion to dismiss was that there is no individual or political subdivision which may be sued known as the "`York County Sheriffs Department,'" rather than the first reason stated by the other defendants, as shown above.
The transcript shows a letter from Holmstedt to the trial judge dated June 4, 2005, and file stamped June 7, wherein Holmstedt "object[s]" to the motions to dismiss and then goes on to briefly argue each of the points raised in the motions. The motions were heard by the district court on June 24, with Holmstedt appearing by telephone and the defendants' attorney appearing in person. At that hearing, the defendants' attorney stated the bases for the *320 motions to dismiss. Then Holmstedt stated that his brief had been mailed "yesterday," and requested a continuance. The continuance was denied, but the judge stated that he would not rule until he had received Holmstedt's brief. Holmstedt started to read the brief over the telephone; the judge asked Holmstedt whether he had anything to say that was not in the brief, and he said no. The judge then stated that he would rather not listen to Holmstedt read the brief because he was going to read the brief several times himself before he ruled on the motion. Holmstedt stated, "That works." The hearing was concluded shortly thereafter.
Holmstedt's brief in opposition to the motions to dismiss was dated June 23, 2005. The brief was received by the district court clerk on June 29, but was not filed because the brief was considered Holmstedt's written argument to the court. On July 12, the district court entered an order which stated, in its entirety, "Motion to dismiss sustained in all bases. Complaint dismissed."
Holmstedt v. York Cty. Jail Supervisor, 15 Neb.App. 893, 895-97, 739 N.W.2d 449, 455-56 (2007).
Holmstedt appealed to the Court of Appeals. He asserted, inter alia, that the district court erred in dismissing his complaint as to each of the defendants. With regard to the defendant "York County Sheriffs Department," the Court of Appeals determined that the complaint contained no allegations that would support a finding that such an entity could be sued. The Court of Appeals noted that while "York County" was an entity that could be sued, if it was Holmstedt's intent to sue a department of York County, suit was required to be brought in the proper name of the county. The Court of Appeals therefore concluded that the district court properly sustained the motion to dismiss the "York County Sheriffs Department" under rule 12(b)(2), (4), and (5). Holmstedt, 15 Neb.App. at 905, 739 N.W.2d at 461.
With regard to the remaining defendants, who were all individuals, the Court of Appeals found it necessary to determine the capacity in which such individuals were being sued in order to determine the jurisdiction-related issues. The Court of Appeals stated that under § 1983, public servants may be sued in their official capacity, in their individual capacity, or both. The Court of Appeals noted, however, that federal circuit courts disagree on the proper means of determining whether an action is pleaded as one suing a person in his or her official capacity or as one alleging individual liability. The Court of Appeals cited Moore v. City of Harriman, 272 F.3d 769 (6th Cir.2001), in which the Court of Appeals for the Sixth Circuit stated that the majority of circuits followed a "course of proceedings" test which considers factors such as the nature of the plaintiffs claims, requests for compensatory or punitive damages, subsequent pleadings, and the nature of any defenses, such as qualified immunity, raised in response to the claim, which defenses would indicate whether the defendant had actual knowledge of the potential for individual liability. The Court of Appeals for the Sixth Circuit noted that only two circuits deviated from the "course of proceedings" test. The Court of Appeals for the Eighth Circuit has held that in order to sue, a public official in his or her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). The Court of Appeals for the Ninth Circuit, by contrast, has held that "[w]here state officials are named in a complaint which seeks damages *321 under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir.1994).
Because the Nebraska Supreme Court had not ruled on which method should be used to determine the capacity in which a person is sued under § 1983 in Nebraska state courts, the Court of Appeals attempted to determine how this court would decide the issue and took guidance from federal jurisprudence. Although noting that the Eighth Circuit approach "displays the virtues of simplicity and certainty," the Court of Appeals concluded that this court would follow the majority of circuits and adopt the "course of proceedings" test. Holmstedt, 15 Neb.App. at 903, 739 N.W.2d at 460.
Applying the "course of proceedings" test, the Court of Appeals noted that Holmstedt conceded in his brief that he had not specified whether the individual defendants were being sued in their official capacities or in their individual capacities. Because the case was in its early stages, the Court of Appeals noted that it lacked, information regarding some of the factors in the "course of proceedings" test, such as defenses raised in an answer and subsequent pleadings, by the plaintiff. However, the Court of Appeals determined that Holmstedt had sued the individual defendants in their individual capacities because the complaint alleged actions by identified individuals and did not allege violations related to actions taken pursuant to policy, ordinance, regulation, or custom which would have suggested that the individuals were being sued for actions taken in their official capacities. Holmstedt v. York Cty. Jail Supervisor, 15 Neb.App. 893, 739 N.W.2d 449 (2007).
Having determined that the individual defendants were sued in their individual capacities, the Court of Appeals further determined that the record showed proper service of process on defendants Radcliff, Vrbka, and Silverstrand. With respect to the defendant "York County Jail Supervisor," the Court of Appeals noted that Neb. Rev.Stat. § 25-321. (Cum.Supp.2006) allows a plaintiff to designate a defendant by description when a name is unknown. The Court of Appeals determined that the summons for "`York County Jail Supervisor'" was properly served on "`John. Prusia, York County Jail Supervisor.'" Holmstedt, 15 Neb.App. at 904, 739 N.W.2d at 461. Having found no deficiency regarding personal jurisdiction, process, or service of process with respect to the individual defendants, the Court of. Appeals concluded that the district court erred in sustaining the individual defendants' motions to dismiss under rule 12(b)(2), (4), and (5). Holmstedt, supra.
The Court of Appeals then considered the' rule 12(b)(6) challenges raised by the individual defendants. With respect to the defendants' argument that Holmstedt failed to exhaust administrative remedies, the Court of Appeals determined that failure to exhaust remedies was properly categorized as an affirmative defense and concluded that any such failure could be addressed by procedural devices other than a motion to dismiss and that dismissal at this stage was not warranted based on a failure to plead exhaustion. Holmstedt, supra. The Court of Appeals further concluded that as to each individual defendant, Holmstedt had alleged "facts establishing conduct by a person acting under color of state law, which conduct deprived Holmstedt of rights, privileges, or immunities secured by the Constitution and laws of the United States." 15 Neb.App. at 907, 739 N.W.2d at 462. The Court of Appeals concluded that the district court had erred in granting the individual defendants' *322 motions to dismiss under rule 12(b)(6).
Because it concluded that the district court had erred in granting the individual defendants' motions to dismiss under rule 12(b)(2), (4), (5), and (6), the Court of Appeals reversed the dismissal of Holmstedt's complaint as to such defendants. As noted above, the Court of Appeals affirmed the dismissal of the "York County Sheriff's Department" and such ruling is not challenged or discussed on further review.
We granted the defendants' petition for further review.

ASSIGNMENTS OF ERROR
The defendants assert that the Court of Appeals erred in (1) using the "course of proceedings" test rather than the Eighth Circuit's approach to determine whether the defendants were sued in their individual or in their official capacities, (2) failing to affirm the dismissal as to the individual defendants in their official capacities for lack of personal jurisdiction, and (3) holding that the complaint stated a claim under § 1983 against the individual defendants in their individual and in their official capacities.

STANDARD OF REVIEW
[1] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. State v. McCulloch, 274 Neb. 636, 742 N.W.2d 727 (2007).

ANALYSIS

Court Should Consider Motions to Dismiss Under Rule 12(b)(2), (4), and (5) Before Considering Whether Complaint Fails to State a Cause of Action Pursuant to Rule 12(b)(6).
We note first that the defendants moved for dismissal based on rule 12(b)(2), (4), (5), and (6) and that in dismissing the action as to all defendants, the district court stated the motions were "sustained in all bases." Rule 12(b) provides that a party may move to dismiss an action on various bases including, inter alia, the following subsections: (2) lack of jurisdiction over the person, (4) insufficiency of process, (5) insufficiency of service of process, and (6) failure to state a claim upon which relief may be granted.
[2] With respect to the various bases upon which the defendants moved for dismissal, the Court of Appeals noted this court's opinion in Anderson v. Wells Fargo Fin. Accept., 269 Neb. 595, 600, 694 N.W.2d 625, 629-30 (2005), in which we stated that "when a motion to dismiss raises both rule 12(b)(1) [subject matter jurisdiction] and [rule 12(b)](6) grounds, the court should consider the rule 12(b)(1) grounds first and should then consider the rule 12(b)(6) grounds only if it determines that it has subject matter jurisdiction." Extrapolating from Anderson and relying on federal case law, the Court of Appeals determined that a similar approach applied here and that issues of personal jurisdiction, process, and service of process, raised pursuant to rule 12(b)(2), (4), and (5), should have been determined before the district court considered whether the complaint stated a claim under rule 12(b)(6). We agree with the Court of Appeals' determination and conclude that when a motion to dismiss raises rule 12(b)(6) grounds and any combination of rule 12(b)(2), (4), and (5) grounds, the court should consider the rule 12(b)(2), (4), and (5) grounds first and should then consider the rule 12(b)(6) grounds only if it determines that it has personal jurisdiction and that process and service of process were sufficient. See Sinochem Intern. v. Malaysia Intern. Shipping, ___ U.S. ___, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (federal court generally *323 may not rule on merits of case without first determining that it has subject matter jurisdiction and personal jurisdiction). See, also, Sucampo Pharmaceuticals v. Astellas Pharma, 471 F.3d 544, 548 (4th Cir.2006) ("dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction").

The Rule Followed by the Court of Appeals for the Eighth Circuit, Rather Than "Course of Proceedings" Test, Should Be Used in Nebraska Courts to Determine Whether Plaintiff in § 1983 Action Is Suing Defendant in Individual or in Official Capacity.
The defendants assert that the Court of Appeals erred in using the "course of proceedings" test rather than the Eighth Circuit's rule to determine whether the individual defendants were sued in their individual or in their official capacity or both. We agree that the rule followed by the Court of Appeals for the Eighth Circuit should have been followed.
The Court of Appeals for the Eighth Circuit has held that in order to sue a public official in his or her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). See, also, Baker v. Chisom, 501 F.3d 920 (8th Cir.2007) (stating that requiring express statement that defendant is sued in individual capacity is consistent with Federal Rules of Civil Procedure). In Johnson, the Eighth Circuit Court noted that in § 1983 actions, "liability exposes public servants to civil liability and damages [and that] only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." 172 F.3d at 535. The Eighth Circuit has advised that in order to meet the pleading requirement in § 1983 actions, "litigants wishing to sue government agents in both capacities should simply use the following language: `Plaintiff sues each and all defendants in both their individual and official capacities.'" Nix v. Norman, 879 F.2d 429, 431 (8th Cir.1989). Such language "guarantees that the defendant receives prompt notice of his or her potential personal liability." Id. The Eighth Circuit has stressed that the statement of capacity must be clear and that "[n]either a cryptic hint in a plaintiffs complaint nor a statement made in response to a motion to dismiss is sufficient." Egerdahl v. Hibbing Community College, 72 F.3d 615, 620 (8th Cir.1995).
[3] We believe that the rule followed by the Court of Appeals for the Eighth Circuit is reasonable and addresses a valid concern regarding providing sufficient notice to individual defendants, especially where a legal action could result in personal liability. The Eighth Circuit rule is simple for a court to apply, and it is not difficult for a plaintiff to comply with the rule. Federal district courts in Nebraska follow the Eighth Circuit rule. We are not aware of Nebraska state jurisprudence which would preclude following the Eighth Circuit rule in state court. Furthermore, we think that consistency between state courts and federal courts in Nebraska on this issue is prudent. A plaintiff in Nebraska is permitted to bring his or her § 1983 action either in a Nebraska state court or in a federal district court in Nebraska. To the extent it is feasible and consistent with applicable laws and rules of procedure, we believe such a plaintiff should be subject to similar pleading rules whether the § 1983 action is brought in *324 state court or in federal court, thereby obviating the possibility of different outcomes during the pleading stage of the action. In summary, the Eighth Circuit Court has adopted the rule that in order to sue a public official in his or her individual capacity, a plaintiff in a § 1983 action must expressly and unambiguously state so in the complaint; otherwise, it will be assumed that the defendant is being sued only in his or her official capacity. Because such rule is reasonable and does not appear to conflict with Nebraska laws or rules of procedure, we conclude that such rule should be followed in Nebraska state courts.
[4] Applying the Eighth Circuit rule, we review the complaint and conclude that the individual defendants in the present case were not sued in their individual capacities but were sued only in their official capacities. Holmstedt's complaint does not expressly and unambiguously state that the individuals were sued in their individual capacities, and under the Eighth Circuit rule, it is therefore assumed, and we conclude, that the individuals were sued only in their official capacities. The contrary ruling of the Court of Appeals is reversed.

Holmstedt Failed to Properly Serve the Individual Defendants in Their Official Capacities.
[5] Having concluded that Holmstedt sued the individual defendants solely in their official capacities, we consider the defendants' motions to dismiss pursuant to rule 12(b)(2), (4), and (5). We conclude that Holmstedt failed to properly serve the defendants in their official capacities and that therefore, the district court did not err in granting the motions to dismiss pursuant to rule 12(b)(2), (4), and (5). The reversal of the district court's order by the Court of Appeals was error and therefore must be reversed.
[6] The individuals named in this action were public servants employed by York County. In § 1983 actions, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Therefore, this suit against employees of York County in their official capacities was a suit against York County.
Neb.Rev.Stat. § 25-510.02 (Reissue 1995) provides the proper procedure for service on the State and other political subdivisions. Subsection (2) provides, "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." In order to sue the individuals in their official capacities, and thereby to sue York County, Holmstedt was required to make service on York County in compliance with § 25-510.02(2). The statute required service on the chief executive officer or the clerk of the county, rather than on the named county employees. Holmstedt served the named employees, rather than the appropriate official of York County. Holmstedt therefore failed to properly serve York County and by extension failed to serve the individuals in their official capacities.
Because Holmstedt did not properly serve the individuals in their official capacities, the district court did not gain personal jurisdiction over such defendants. See, similarly, Nebraska Methodist Hospital Sys. v. Dept. of Health, 249 Neb. 405, 543 N.W.2d 466 (1996) (in order to vest court with personal jurisdiction over State in case arising under Administrative Procedure Act, plaintiff must serve summons upon Attorney General). Therefore, we *325 conclude that the district court properly granted the individual defendants' motions to dismiss pursuant to rule 12(b)(2), (4), and (5) and that the Court of Appeals' erred when it reversed the dismissal. Because dismissal was proper under these subsections, we need not consider the assignment of error regarding dismissal pursuant to rule 12(b)(6).

CONCLUSION
The Court of Appeals affirmed the district court's dismissal of the action as to the York County Sheriffs Department pursuant to rule 12(b)(2), (4), and (5), and Holmstedt did not seek further review of such affirmance. Thus, the York County Sheriffs Department stands dismissed. On further review, we conclude that the individual defendants were sued only in their official capacities and that the district court did not gain personal jurisdiction over such defendants because Holmstedt failed to properly serve them in their official capacities. Because we conclude that the district court properly dismissed the action as to the individual defendants pursuant to rule 12(b)(2), (4), and (5), we conclude that the Court of Appeals erred in reversing the order of dismissal as to the individual defendants, and we therefore reverse the Court of Appeals' order. We remand the cause to the Court of Appeals with directions to affirm the district court's dismissal of the action as to all defendants.
REVERSED AND REMANDED WITH DIRECTIONS.