IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STANKO V. SMITH, KING, SIMMONS & CONN LAW

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RUDY STANKO, APPELLANT,

V.

SMITH, KING, SIMMONS & CONN LAW, P.C., I.E. THE LAW FIRM, JAMIAN SIMMONS, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS CITY ATTORNEY FOR GORDON, NEBRASKA, AND ALSO AS
A PRIVATE LAWYER IN THE OFFICE OF THE SMITH, KING, SIMMONS & CONN LAW, P.C.,
GLEN SPAUGH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER AND
ZONING OFFICER FOR THE CITY OF GORDON, AND THE CITY OF GORDON, APPELLEES.

Filed August 23, 2022.    No. A-22-008.

Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Rudy Stanko, pro se.

Steven W. Olsen, of Simmons Olsen Law Firm, P.C., L.L.O., for appellees Smith, King, Simmons & Conn Law, P.C., and Jamian Simmons.

Ryan M. Kunhart and Ryan J. Coufal, of Dvorak Law Group, L.L.C., for appellees Glen Spaugh and the City of Gordon.

MOORE, RIEDMANN and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Rudy Stanko appeals from the Sheridan County District Court's dismissal of his petition for declaratory judgment and application for preliminary injunctive relief. For the reasons set forth herein, we affirm.

- 1 -

## STATEMENT OF FACTS

On September 7, 2021, Stanko filed an action against Smith, King, Simmons, and Conn (the law firm), Jamian Simmons in her individual and official capacity as the city attorney for the City of Gordon, Glen Spaugh in his individual and official capacity as manager and zoning officer for the City of Gordon, and the City of Gordon, Nebraska, (collectively the Appellees) alleging common law civil tort violations and violations of his constitutional rights under 42 U.S.C. § 1983. Stanko's complaint appears to allege claims of discrimination, collusion to harm, conflict of interest, malpractice under the Political Subdivision State Tort Claims Act (PSTCA), and an action under 42 U.S.C. § 1983. The allegations in his complaint involve three incidents that he claims led to his rights being violated: (1) Appellees were a party to a 2003 lawsuit; (2) Appellees denied Stanko's permit request to build a fence; and (3) Appellees damaged the front sidewalk of commercial property Stanko purchased and "refus[ed] water" to said property.

Spaugh and the City of Gordon filed a motion to dismiss asserting the court lacked subject matter jurisdiction, that the applicable statute of limitations barred Stanko's claim, and that Stanko failed to state a claim for which relief could be granted. The law firm and Simmons also filed a motion to dismiss alleging that Stanko failed to state a claim for relief and that the court lacked jurisdiction because Stanko's claims related to their representation of Stanko in the land dispute which claims were currently under appeal.

All Appellees filed their motions to dismiss Stanko's complaints under rule 6-1112(b)(6). The district court granted the motions on a number of bases which can be summarized as follows: (1) that Stanko's § 1983 claims failed to state a claim upon which relief could be granted because the claims against the City of Gordon, Simmons, and Spaugh, acting in their official capacities, failed to allege how the city or its actors' policies or customs played a part in the violation of a federal law, thereby precluding the claims as violative of the doctrine of sovereign immunity; (2) that Stanko failed to plead sufficient facts which would establish individual claims against Simmons or Spaugh under § 1983; (3) that the malpractice claims against the law firm and its attorneys stemming from its representation of Stanko in 2003 were barred by the applicable 2-year statute of limitations; (4) that all common law tort claims filed against the City of Gordon, Simmons, and Spaugh acting in their official capacities required compliance with the PSTCA, which was not followed; and (5) that Stanko failed to state a claim for a right to injunctive relief. Stanko has timely appealed from the district court's dismissal of his action.

## ASSIGNMENTS OF ERROR

Stanko assigns error to these rulings on the following bases:

1. Can the lower Court in violation of Federal 1st Amendment petition right; Nebraska's Article I-19 Petition right[;] Federal and State due process rights embedded in the 5th and 14th Amendments; and statutory rights pursuant to [Neb. Rev. Stat. §] 25-21,[149] & [Neb. Rev. Stat. §] 25-21[,]150 dismiss and **ignore** [Stanko's] Constitutional and statutory rights for equitable relief for (5) issues stated in the pleading for a declaratory judgment?

2. Does [Stanko] have a common law Federal 7th Amendment right and a common law "at law" [(Article 1-13)] Nebraska Article I-7 Constitutional right for a jury to judge

the 114 facts; the factual damages stated in the complaint; as well as, mental anguish, mental suffering, pain, and distress along with punitive damages?

       3. The lower Court erred in its Order by pronouncing and dismissing the City of Gordon as a defendant for failing to state a claim. . . .

       4. The lower Court erred in its Order by pronouncing and dismissing . . . Spaugh, first, as an individual and then in his official capacity. The Court erroneously claimed against a bundle of case law: "(t)here is no private right of recovery under Section 1983 against Spaugh in his individual capacity."

Brief for appellant at 8 (emphasis in original).

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011).

Whether the allegations made by a plaintiff set forth claims which are precluded by exemptions under the PSTCA presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Dion v. City of Omaha*, 311 Neb. 522, 973 N.W.2d 666 (2022).

## ANALYSIS

### CONSTITUTIONAL RIGHT TO MAINTAIN LAWSUIT

In his first two assignments of error, Stanko generally alleges that he should have a constitutional right to maintain his lawsuits and a constitutional right for a jury to hear them. But Stanko's assignments do not make specific reference to the bases upon which his various claims were dismissed. Those included bars to the claims as pled under the doctrine of sovereign immunity, failure to comply with the PSTCA, failure to plead individual claims against certain appellees, a violation of the statute of limitations, and failure to state a claim for injunctive relief. All of these determinations were made as matters of law and Stanko fails to assign, cite, or argue how any constitutional principles bar their specific application.

Further, as we recently explained in case No. A-21-559, *Stanko v. Smith, King, Simmons & Conn Law*, where Stanko made a similar argument that he has a constitutional right to a jury, such right applies to issues of fact and not issues of law. Because Stanko's complaint was dismissed based upon legal principles to which he provides no contradictory authority, his claim to a constitutional right to a jury trial fails as does the remainder of these two general assignments of error.

### DISMISSAL OF CITY OF GORDON

Again, Stanko generally assigns that the district court erred in dismissing the City of Gordon from his lawsuit. Although Stanko fails to specifically assign which theories he is

challenging here, generally speaking, the district court dismissed Stanko's § 1983 claims for failure to state a claim which complies with the doctrine of sovereign immunity and dismissed the common law tort claims for failure to comply with the PSTCA.

Stanko makes no specific assignment or argument regarding his failure to comply with the PSTCA so we will not address it. As we read his assignment of error, Stanko takes issue with the district court's dismissal of the City of Gordon in light of his attempt to plead a violation of § 1983. As the Nebraska Supreme Court stated in *Claypool v. Hibberd*, 261 Neb. 818, 830, 626 N.W.2d 539, 548 (2001):

> In order to state a cause of action under § 1983, a plaintiff must allege facts establishing conduct by a person acting under color of state law which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gordon v. Community First State Bank,* 255 Neb. 637, 587 N.W.2d 343 (1998). A local government cannot be held liable under § 1983 solely because of injury inflicted by its employees or agents; rather, it can be liable only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). See *DeCoste v. City of Wahoo*, 255 Neb. 266, 583 N.W.2d 595 (1998).

The district court held that Stanko's complaint failed to articulate any basis as to how the acts of Simmons or Spaugh could be fairly said to represent official policy. As such, the court dismissed the City of Gordon, finding the pleading failed to present a claim within the limited framework by which a municipality can be held responsible under § 1983. Stanko assigns error to that ruling and claims his complaint presents a case of official policy. We disagree. Stanko's complaint generally avers that the city officials violated § 1983 by denying his fence permit, by refusing to provide water, and by causing damage to his property. He provides no allegations as to how this conduct implements or executes a policy statement, ordinance, regulation, or decision officially adopted by those whose edicts or acts may fairly be said to represent official policy. As such, Stanko's claims failed to state a claim under the limited scope for which a municipality may be sued under § 1983 and the district court did not err in dismissing the City of Gordon on that basis.

CLAIMS AGAINST SPAUGH IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES

Stanko finally assigns that the district court erred in dismissing Spaugh for having failed to state a claim against him in his official and individual capacities. As to this assignment, Stanko generally asserts the court erred in finding "'(t)here is no private right of recovery under Section 1983 against Spaugh in his individual capacity.'" Brief for appellant at 8. We read the district court's order to state that Stanko failed to state a claim for relief against Spaugh in his official and individual capacities for violations under § 1983.

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Anthony K. v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 540, 855 N.W.2d 788 (2014). When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled

and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *Id.*

In order to assert a claim under § 1983, the plaintiff must allege that he or she has been deprived of a federal constitutional right and that such deprivation was committed by a person acting under color of state law. *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020).

Here, the only constitutional violations Stanko alleged in his complaint are that his equal protection rights were violated by Spaugh when Spaugh denied him a building permit while simultaneously allowing others to build without first requesting a permit and that the city violated his equal protection rights when it shut off the water access to his building despite providing water for "every open building in downtown Gordon" except for his. However, the United States Supreme Court stated in *Paul v. Davis*, 424 U.S. 693, 699-701, 96 S. Ct. 1155, 1159-1160, 47 L. Ed. 2d 405, 412-413 (1976):

> Respondent's construction would seem almost necessarily to result in every legally cognizable injury which may have been inflicted by a state official acting under "color of law" establishing a violation of the Fourteenth Amendment. We think it would come as a great surprise to those who drafted and shepherded the adoption of that Amendment to learn that it worked such a result, and a study of our decisions convinces us they do not support the construction urged by respondent.
>
> The result reached by the Court of Appeals, which respondent seeks to sustain here, must be bottomed on one of two premises. The first is that the Due Process Clause of the Fourteenth Amendment and § 1983 make actionable many wrongs inflicted by government employees which had heretofore been thought to give rise only to state-law tort claims. . . .
>
> The first premise would be contrary to pronouncements in our cases on more than one occasion with respect to the scope of § 1983 and of the Fourteenth Amendment. In the leading case of *Screws v. United States*, 325 U.S. 91 (1945), the Court considered the proper application of the criminal counterpart of § 1983, likewise intended by Congress to enforce the guarantees of the Fourteenth Amendment. In his opinion for the Court plurality in that case, Mr. Justice Douglas observed: "'Violation of local law does not necessarily mean that federal rights have been invaded. The fact that a prisoner is assaulted, injured, or even murdered by state officials does not necessarily mean that he is deprived of any right protected or secured by the Constitution or laws of the United States.'" 325 U.S., at 108-109, 65 S. Ct., at 1039, 89 L. Ed., at 1506.
>
> After recognizing that Congress' power to make criminal the conduct of state officials under the aegis of the Fourteenth Amendment was not unlimited because that Amendment "did not alter the basic relations between the States and the national government," the plurality opinion observed that Congress should not be understood to have attempted "to make all torts of state officials federal crimes.["]
>
> This understanding of the limited effect of the Fourteenth Amendment was not lost in the Court's decision in *Monroe v. Pape*, 365 U.S. 167 (1961). There the Court was careful to point out that the complaint stated a cause of action under the Fourteenth Amendment because it alleged an unreasonable search and seizure violative of the guarantee "contained in the Fourth Amendment [and] made applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment." *Id.*, at 171. Respondent,

however, has pointed to no specific constitutional guarantee safeguarding the interest he asserts has been invaded. Rather, he apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as the tortfeasor. But such a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States. We have noted the "constitutional shoals" that confront any attempt to derive from congressional civil rights statutes a body of general federal tort law, *Griffin v. Breckenridge*, 403 U.S. 88, 101-102 (1971); a fortiori, the procedural guarantees of the Due Process Clause cannot be the source for such law.

As stated above, we affirmed the district court's dismissal of the City of Gordon for failing to state a claim under the limited scope for which a municipality may be sued under § 1983. A suit against an employee or public official is a lawsuit against the entity for which he or she is an agent. See *Holmstedt v. York Cty. Jail Supervisor*, 275 Neb. 161, 745 N.W.2d 317 (2008). Since a suit against a government official in his official capacity is functionally equivalent to a suit against the employing government entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named. See *King v. City of Crestwood*, 899 F.3d 643 (8th Cir. 2018). It follows, then, that having dismissed the City of Gordon for the reasons discussed above, the claim against Spaugh in his official capacity should be dismissed as well. We then turn to Stanko's allegation that the court erred in dismissing Spaugh in his individual capacity.

As the Nebraska Supreme Court stated in *Davis v. State*, 297 Neb. 955, 983-84, 902 N.W.2d 165, 188-89 (2017):

Under 42 U.S.C. § 1983, the State's sovereign immunity does not bar a claim for damages against state officials and employees who are sued in their personal capacities. Personal capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." The U.S. Supreme Court has clarified that an earlier reference it made to the capacity in which an officer or employee *acted* "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."

"'[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" Acting under the color of state law does not mean that a state official or employee must have been complying with state law. Under § 1983, liability exists as long as the action was taken within the scope of the defendant's official authority, even if the official or employee abused his or her authority.

But state defendants are entitled to assert personal common-law immunity defenses against a § 1983 action. "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law.'"

In a suit under 42 U.S.C. § 1983, the first inquiry is whether a plaintiff has been deprived of a right secured by the Constitution and laws within the meaning of § 1983. *Ashby v. State*, 279 Neb. 509, 779 N.W.2d 343 (2010).

On the face of his complaint, Stanko asserted that he was suing Spaugh in his individual and official capacity for Spaugh's denial of Stanko's request for a building permit when no other resident of Gordon has ever been denied a building permit previously; and for the city shutting off the water supply to Stanko's business despite providing it to every other business. Stanko alleges both actions violated his equal protection rights, and therefore he stated a claim for relief under § 1983. However, Stanko's complaint does not set forth facts that show a constitutional equal protection violation under § 1983. See *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020) (to allege plausible class-of-one equal protection claim, plaintiff must plead facts that show (1) defendant treated him or her differently from others similarly situated, (2) defendant did so intentionally, and (3) there was no rational basis for difference in treatment). See, also, *Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

Although Stanko generally avers that he has been treated differently than other persons in relation to his building permit and access to water, his more specific allegations do not plead facts sufficient to establish a claim for denial of equal protection in relation to the elements set forth above. For instance, in relation to the denial of his building permit to construct a fence, Stanko alleges his neighbor constructed certain improvements of the neighbor's own property without a permit. As pled, these allegations do not amount to a claim of similarly situated persons being treated differently for which the rational basis test can be applied. As to Stanko's claim that he was denied equal protection to water access, his specific allegations reveal that water to his property was shut off at Stanko's request in order to perform repair work and has not been restored due to a disagreement over additional repairs the City has apparently requested and with which Stanko apparently disagrees. That said, Stanko presents no other similarly situated persons that have been denied access under these circumstances for which the rational basis test can be applied.

As a result, Stanko's complaint, on its face, fails to plead a plausible equal protection claim or adequately allege any violation of a federally protected right as required to state a claim under 42 U.S.C. § 1983. See *Ashby v. State*, 279 Neb. 509, 779 N.W.2d 343 (2010) (Section 1983 imposes liability for violations of rights protected by federal Constitution, not for violations of duties of care arising out of tort law). Since the remainder of Stanko's claims as pled sound in tort law, we hold that Stanko has failed to adequately allege any violation of a constitutionally protected right, and he cannot maintain this action under § 1983. Accordingly, the district court did not err in dismissing Spaugh on that basis.

CONCLUSION

Having considered and rejected Stanko's assignments of error, the order of the district court is affirmed.

AFFIRMED.